Filed 12/15/21  P. v. Britt CA2/7

Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B297588 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. TA098926) |
| DESHON BRITT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Deshon Britt appeals from the superior court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  In an earlier opinion we affirmed the superior court's ruling, after which Britt successfully petitioned the Supreme Court for review.  (*People v. Britt* (Feb. 18, 2020, B297588) [nonpub. opn.], review granted May 13, 2020, S261128.)  The Supreme Court transferred the case to us with directions to vacate our earlier opinion and reconsider our decision in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  We now vacate our earlier opinion and again affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *A Jury Convicts Britt of First Degree Murder, and This Court Affirms His Conviction*

In July 2008 Britt confronted Aaron Patterson, who was walking with two companions outside a liquor store, with the common gang challenge, "Where are you from?"  Patterson's response, "8 Trey Gangster Crip," indicated he belonged to a rival gang.  Britt responded to Patterson with "99 Watts Mafia Crip" and went into the liquor store to get a fellow gang member, Milton Jones.

Outside the store, Jones and Patterson argued, then fought. Patterson knocked Jones and Britt to the ground.  Jones pulled

---

[1]     Statutory references are to the Penal Code.

out a gun and shot Patterson in the back of the head as Patterson tried to run away, killing him.

The jury found Britt guilty of first degree murder and found true firearm and gang allegations. The trial court sentenced Britt to a prison term of 50 years to life.

We affirmed Britt's conviction. We concluded that there "was sufficient evidence for a reasonable jury to find that Britt aided and abetted Jones in the murder"; that, "[l]ooking at the factors for specific intent," there was "sufficient evidence to conclude Britt shared the same intent as Jones"; and that "there was substantial evidence Britt premeditated and deliberated Patterson's murder." (*People v. Britt* (June 6, 2011, B218965) [nonpub. opn.] (*Britt I*).)

B. *Britt Petitions for Resentencing*

In January 2019 Britt, representing himself, filed a petition for resentencing under section 1170.95. In his petition Britt checked boxes stating that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019" and that "I was convicted of 1st degree felony murder and I could not now be convicted because of changes to Penal Code § 189." Britt also checked boxes stating "I was not the actual killer," "I did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree," and "I was not a major participant in the felony or I did not act with reckless indifference to human life

3

during the course of the crime or felony." Britt asked the superior court to appoint counsel for him.

The superior court, without appointing counsel, summarily denied Britt's petition. After reviewing the trial record and our opinion in his direct appeal, the court ruled Britt "was a major participant in the crime who acted with reckless indifference." Britt timely appealed from the order denying his petition.

In February 2020 we affirmed the superior court's order denying Britt's petition. In doing so, we rejected his contentions the court erred in denying his petition without appointing counsel or issuing an order to show cause and in "stepping outside the four corners of [the] petition" by considering our opinion in *Britt I* to conclude he had not made a prima facie case for relief. (*People v. Britt, supra*, B297588, review granted.)

In May 2020 the Supreme Court granted Britt's petition for review of our decision (*People v. Britt* (May 13, 2020), S261128), and in September 2021 the Supreme Court transferred the case to us with directions to vacate that decision and reconsider the cause in light of *Lewis, supra*, 11 Cal.5th 952. Following the transfer, the parties filed supplemental briefs.

## DISCUSSION

A.   *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*Lewis, supra*, 11 Cal.5th at p. 957; see §§ 188, subd. (a)(3), 189,

4

subd. (e); *People v. Gentile* (2020) 10 Cal.5th 830, 842 [the Legislature enacted Senate Bill 1437 "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life'"].) "Senate Bill 1437 also added section 1170.95 to the Penal Code, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957, fn. omitted; see *Gentile*, at p. 859.)

"Section 1170.95 envisions three stages of review of a petition for resentencing." (*People v. Wilson* (2021) 69 Cal.App.5th 665, 675; see *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.) First, the petitioner "must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'" (*Lewis*, at pp. 959-960; see § 1170.95, subd. (a)(1)-(3).)

Second, if a petition under section 1170.95 contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court, after appointing counsel, must "assess whether the petitioner has made a 'prima facie

5

showing' for relief." (*Lewis*, *supra*, 11 Cal.5th at pp. 960, 963; see § 1170.95, subd. (c); *People v. Wilson*, *supra*, 69 Cal.App.5th at p. 675; *People v. Barboza* (2021) 68 Cal.App.5th 955, 962.) "In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 863.) The prima facie inquiry, however, is limited. The ""court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."" (*Lewis*, at p. 971; see *Barboza*, at p. 962; *People v. Duchine* (2021) 60 Cal.App.5th 798, 813, 815; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on another ground in *Lewis*, at p. 963.)

The court's authority to resolve the petition at the prima facie stage "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980; see *Lewis*, *supra*, 11 Cal.5th at p. 972 ["at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'"]; *People v. Clayton* (2021) 66 Cal.App.5th 145, 153 [same]; *People v. Harris* (2021) 60 Cal.App.5th 939, 958 [same], review granted Apr. 28, 2021, S267802.) "'However, if the record, including the court's own

documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis*, at p. 971; accord, *People v. Jenkins* (2021) 70 Cal.App.5th 924, 932; see *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 815 ["absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question his evidence"].)

Third, if "the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'" (*Lewis*, *supra*, 11 Cal.5th at p. 960; see § 1170.95, subd. (d)(1); *People v. Wilson*, *supra*, 69 Cal.App.5th at p. 675.) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3); see *Lewis*, at p. 960.) The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence. (§ 1170.95, subd. (d)(3); see *Lewis*, at p. 960.)[2]

---

[2] In October 2021 the Legislature amended section 1170.95. Among other changes, the amendments (1) apply section 1170.95 to convictions for voluntary manslaughter and attempted murder; (2) state the requirement to appoint counsel, if requested, in new subdivision (b)(3), rather than in subdivision (c); (3) affirm that the standard of proof at the hearing on the order to show cause is proof beyond a reasonable

B.    *The Superior Court Erred in Not Appointing Counsel for Britt, but the Error Was Harmless*

Britt continues to maintain the superior court erred in denying his petition without appointing counsel and issuing an order to show cause.[3]  The People concede, and we agree, the superior court erred in not appointing counsel.  (See *Lewis*, *supra*, 11 Cal.5th at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"].)  The People argue, however, that the error was harmless and that the court did not err in failing to issue an order to show cause because the record of conviction shows Britt is not eligible for relief as a matter of law.  (See *Lewis*, at p. 974 ["a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing"'"]; *People v. Mancilla*, *supra*, 67 Cal.App.5th at p. 864 [error in failing to appoint counsel was harmless where

_____

doubt; and (4) clarify that "a finding there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (See Stats. 2021, ch. 551, § 2 (Senate Bill No. 775).)  Because the Legislature did not pass these amendments as urgency legislation, they will become effective on January 1, 2022.  (See Cal. Const., art. IV, § 8, subd. (c).)

[3]    Britt now concedes the superior court did not err in reviewing the record of conviction when determining whether he made a prima facie case for relief.  (See *Lewis, supra*, 11 Cal.5th at pp. 970-971.)

the record of conviction established the petitioner was ineligible for relief under section 1170.95 as a matter of law].)  We agree with the People again.

"Section 1170.95 authorizes a petition for resentencing only by individuals convicted of murder under the felony-murder rule or the natural and probable consequences doctrine."  (*People v. Mancilla*, *supra*, 67 Cal.App.5th at pp. 866-867.)  Where the record of conviction establishes the petitioner's jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine, the petitioner is ineligible for relief under section 1170.95 as a matter of law.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677; see *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, 1059 [petitioner was ineligible for relief under section 1170.95 as a matter of law where the instructions did not permit the jury to convict him of murder under the felony-murder rule or the natural and probable consequences doctrine].)

Britt does not suggest his jury was instructed on the natural and probable consequences doctrine or the felony-murder rule, and the record in his direct appeal shows it was not.  Therefore, Britt is ineligible for relief under section 1170.95 as a matter of law.  Consequently, the superior court's error in failing to appoint counsel for him was harmless, and the court did not err in denying his petition without issuing an order to show cause.

Britt argues he is eligible for relief under section 1170.95 because the trial court instructed the jury on aiding and abetting with CALCRIM No. 400, which provided in part:  "A person is equally guilty of the crime whether he or she committed it personally or aided and abetted the perpetrator who committed

9

it."[4]  Britt argues "the 'equally guilty' language was misleading" and "misdescribed the prosecutor's burden" because it suggested the jurors could (or even should) impute Jones's mental state to Britt without considering Britt's mental state.  As a result, Britt argues, he "could have been convicted at trial under an imputed malice theory which is now invalid under Code section 188."

This possibility was foreclosed, however, by the trial court's additional instruction on aiding and abetting, CALCRIM No. 401.  That instruction, as we observed in our opinion in Britt's direct appeal,[5] "explained that an aider and abettor had to know the unlawful purpose of the perpetrator, intend to encourage or facilitate the commission of the crime[,] and by act or advice, aid[ ] or encourage[ ] the commission of the crime."  (*Britt I, supra*, B218965.)  Where, as here, the trial court instructs the jury with CALCRIM No. 401, there is "no reasonable likelihood the jurors would have understood the 'equally guilty' language [in CALCRIM former No. 400] to allow them to base defendant's liability for first degree murder on the mental state of the actual shooter, rather than on defendant's own mental state in aiding and abetting the killing."  (*People v. Johnson* (2016) 62 Cal.4th 600, 641; see *id.* at pp. 640-641 [because the trial court "instructed the jury with CALCRIM No. 401, which sets out the requirements for establishing aider and abettor liability," the jury "was informed that for them to find defendant guilty of

---

[4]     In April 2010 the Judicial Council revised CALCRIM No. 400 to remove the word "equally" from the phrase "equally guilty."  (*People v. Johnson* (2016) 62 Cal.4th 600, 640 & fn. 5.)

[5]     "Appellate opinions . . . are generally considered to be part of the record of conviction."  (*Lewis, supra*, 11 Cal.5th at p. 972.)

murder as an aider and abettor the prosecution must prove that [the] defendant knew [the perpetrator] intended to kill [the victim], that he intended to aid and abet [the perpetrator] in committing the killing, and that he did in fact aid him in that killing, which would have cleared up any ambiguity arguably presented by CALCRIM former No. 400's reference to principals being 'equally guilty'"].)

## DISPOSITION

Our prior opinion in this appeal, *People v. Britt, supra*, B297588, is vacated, and the superior court's order denying Britt's petition under section 1170.95 is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.

11